UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY, <br><br>  Plaintiff, <br><br> v. <br><br> C. PFEIFFER, et al., <br><br>  Defendants. | **Case No. 1:17-cv-01384-DAD-MJS (PC)** <br><br> **ORDER DENYING MOTION FOR COMMUNICATIONS** <br><br> **(ECF No. 8)** <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT** <br><br> **(ECF No. 1)** <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff declined Magistrate Judge jurisdiction (ECF No. 5) and questioned the undersigned's assignment to the case (ECF No. 7).

On December 6, 2017, Plaintiff filed a motion seeking docket communications five (5) and two (2), as well as a response to his "motion" declining Magistrate Judge jurisdiction. (ECF No. 8.) For the reasons outlined below, the motion is denied and the Magistrate Judge declination is discussed below.

Furthermore, the Court's review of Plaintiff's purported Section 1983 complaint

(ECF No. 1) reveals that the relief he seeks sounds in habeas corpus. Accordingly, the Court recommends that Plaintiff's complaint be dismissed with leave to refile it as a habeas action.

**I.  Motion for Communications**

    **A.  Request for Copies**

In his motion for communications, Plaintiff requests that the Court send him a copy of docket entry numbers two (2) and five (5) (ECF Nos. 2; 5). (ECF No. 8.) Plaintiff states that these documents were not served on him. However, these are items Plaintiff himself filed, namely his motion to proceed in forma pauperis (ECF No. 2) and his notice to decline Magistrate Judge jurisdiction (ECF No. 5). Documents Plaintiff files himself are not served back on him. Accordingly, the Court denies his request for copies.

    **B.  Magistrate Judge Jurisdiction**

Plaintiff also requests that the Court respond to a filing he claims to have made on October 21, 2017. (ECF No. 8.) There are no docket entries that date, but it appears Plaintiff is referring to his "motion to decline Magistrate Judge and request assignment [of] U.S. District Judge" filed on October 26, 2017. (ECF No. 7.) Because Plaintiff filed the form declining to consent to Magistrate Judge jurisdiction, a "motion" is unnecessary. Plaintiff's declination has been filed with the Court (ECF No. 5) and a District Judge has been assigned to the case (ECF No. 6).

Plaintiff's motion seems also to challenge the undersigned Magistrate Judge's continued participation in the case. (ECF No. 7.) Even though Plaintiff has declined full Magistrate Judge jurisdiction, the undersigned Magistrate Judge is still charged with authority and responsibilities in this case, including issuing orders on non-dispositive matters and making findings and recommendations on other matters pursuant to 28 U.S.C. § 636.

For the foregoing reasons, the motion for communications (ECF No. 8) is denied and the "motion" to decline Magistrate Judge jurisdiction is moot.

## II. Screening Requirement

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of

meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## IV.    Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison, Los Angeles County, but his claims arose at Kern Valley State Prison ("KVSP") and Pelican Bay State Prison ("PBSP"). (ECF No. 1.) He brings this action against thirty-one (31) Defendants employed by the California Department of Corrections and Rehabilitation at KVSP and PBSP. (Id. at 2.)

Plaintiff's allegations in the complaint (ECF No. 1) are summarized as follows:

Plaintiff asserts that, in 2005, prison authorities made an error that resulted in the taking of 360 good time credits. He claims that he has filed numerous grievances and staff complaints with prison authorities concerning this purported error, but Defendants refuse to acknowledge or correct the error. In the complaint, Plaintiff presents -- in great detail, covering 88 paragraphs over 20 pages -- his efforts to raise his complaints about the loss of these good time credits to Defendants, but claims that they have, thus far, refused to address his grievances.

Plaintiff asserts that this constitutes violation of his 1st, 8th, and 14th Amendment rights and requests that the Court order KVSP and PBSP to give him back 360 days of good time credits, as well as order monetary relief in the amount of $100,000. (Id. at 2.)

## V.    Discussion

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Plaintiff's only claim for relief is not cognizable in a civil rights complaint. Specifically, Plaintiff requests that this Court require two state prisons to give him 360 days of credit on his sentence. The exclusive statutory framework for challenging either the validity or the execution of a state court judgment is provided by 28 U.S.C. § 2254. See White v. Lambert, 370 F.3d 1002, 1009–1010 (9th Cir. 2004) (adopting "the majority

4

view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).

Even though Plaintiff is not challenging the validity of his sentence from the state court, he is challenging the manner in which custody credits are being applied to calculate his release date for that sentence. This constitutes a challenge to the execution of his state court sentence. A claim for restoration of credits lies at "the core of habeas corpus." Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (quotation and citation omitted).

Plaintiff's request for monetary damages cannot transform the claim to one cognizable under the civil rights statute. This court cannot allow a frivolous complaint to proceed merely because plaintiff seeks monetary damages when there is no viable legal basis for claiming such damages. See Bairfield v. Solano County Jail, No. 2:14–cv–02016 AC P, 2014 WL 4803084 (E.D. Cal. Sept. 25, 2014).

Accordingly, this matter must be dismissed.

**VI. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for communications (ECF No. 8) is DENIED and his "motion" to decline Magistrate Judge jurisdiction (ECF No. 7) is moot.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without prejudice to refiling it as a habeas corpus petition in the appropriate district and on the appropriate court-approved form; and

2. This case be closed by the Clerk of Court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and

1 Recommendations, the parties may file written objections with the Court. The document
2 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
3 The parties are advised that failure to file objections within the specified time may result
4 in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir.
5 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 11, 2017      /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE