1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN GRIGSBY,                    **Case No.  1:17-cv-01384-DAD-JLT (PC)**

12              Plaintiff,                **ORDER GRANTING MOTION SEEKING**
                                          **RESPONSE**
13        v.
                                          **(ECF No. 15)**
14   C. PFEIFFER, et al.,
                                          **FINDINGS AND RECOMMENDATIONS TO**
15              Defendants.               **REOPEN THIS ACTION AND GRANT IN**
                                          **PART PLAINTIFF'S MOTION TO AMEND**
16                                        **COMPLAINT AND MOTION FOR**
                                          **RECONSIDERATION**
17
                                          **(ECF No. 14)**
18
                                          **FOURTEEN-DAY DEADLINE**
19

20

21        This action was closed on February 7, 2018, after the District Judge adopted the then-

22   assigned magistrate judge's recommendation to dismiss this civil rights action without prejudice

23   to plaintiff filing a petition for writ of habeas corpus.[1] (ECF Nos. 9, 12.) Plaintiff now moves to

24   amend his complaint and seeks reconsideration of the dismissal order. (ECF No. 14.) He also

25   moves for a court order on his pending motion. (ECF No. 15.) The undersigned finds that

26   reconsideration is warranted and will therefore recommend that plaintiff's motion to amend and

27   motion for reconsideration be granted.

28   _____
     This case was reassigned to the undersigned on July 16, 2018.

                                           1

# I. Relevant Procedural Background

Plaintiff filed this civil rights action on October 16, 2017, accusing several defendants of violating his constitutional rights by improperly withholding 360 days of good time credit since 2005 and refusing to restore them. (ECF No. 1.) Plaintiff sought the restoration of his good time credits and money damages.

Magistrate Judge Michael J. Seng screened the complaint on December 12, 2017, and recommended that it be dismissed without prejudice since plaintiff's claim was essentially challenging the duration of his imprisonment, which is properly brought pursuant to a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff timely objected by arguing that his claims do in fact assert civil rights violations because he is challenging the way his grievance has been handled by various individuals and institutions and because he is facing retaliation for pursuing his legal rights. (ECF No. 10.)

On February 7, 2018, District Judge Dale A. Drozd adopted the findings and recommendations in full after concluding that "Plaintiff's objections do not raise any issue of law or fact providing a basis upon which to disagree with the analysis set forth or conclusions reached in the findings and recommendations." (ECF No. 12.) This case closed that same day. (ECF No. 13.)

On March 2, 2018, plaintiff filed a motion to amend and a motion for reconsideration of the decision to dismiss this action. (ECF No. 14.) On July 16, 2018, plaintiff filed a motion seeking a court response to his pending motion to amend and motion for reconsideration. (ECF No. 15.)

# II. Plaintiff's Allegations

Plaintiff brings this action against the following defendants: J. Jaime, Kern Valley State Prison ("KVSP") Associate Warden; R. Singleton, Sergeants; A. Furlong "CC2"; C.E. Ducart, Pelican Bay State Prison ("PBSP") Warden; A. Pepiot, PBSP Admin.; T. Lee, Captain Appeal Reviewer; M. Voong, Chief of Appeals; A. Almaguer, Appeals Coordinator; A. Lucas, Appeals Coordinator; C. Gonzales, Appeals Coordinator; E. Start, Captain; J. Cluster, Lieutenant; D. Goss, Associate Warden; Scott Jacobs; Larry Cupler; Bolden Ombudsman; J. Usher, California

Correctional Institute ("CCI"); Ventura CCI; Cortez CCI; K. Silva, Records; L. Cardona, Record

Analyst; G. Gebremedkin CCI; P. Shollberg, Ombudsman; A. Weas, Appeals Coordinator;

Correctional Officer Steadman; Moore; Hernandez; Brubaker; Sgt. Moffett.

Plaintiff's allegations can be fairly summarized as follows[2]:

On October 12, 2005, while housed at PBSP, plaintiff was assessed a 360-day loss of good

time credits following a hearing on a July 2005 Rules Violation Report ("RVR"). Plaintiff

alludes to due process violation in the context of that hearing in the form of a false claim by a Lt.

Terry that PBSP was in a state of emergency at the time.[3]

On May 27, 2016, plaintiff filed an inmate grievance concerning the loss of the 360 days

of good time credits, the restoration of which would change plaintiff's release date. At some

point, plaintiff's inmate grievance was denied because too much time had lapsed since the RVR

hearing. After submitting the appeal, plaintiff wrote numerous letters, submitted multiple

requests for interviews, and had several meetings to have those credits restored. He also filed

approximately 20 other grievances against institutional staff for their non-responsiveness to his

communications. Plaintiff contends the defendants have refused to properly process and/or

timely respond to his grievances and letters in violation of institutional policy and plaintiff's due

process rights. Plaintiff also claims this conduct demonstrates deliberate indifference,

discrimination, and retaliation.

In January 2017, plaintiff applied for family visits after being RVR-free for three years. In

April 2017, plaintiff's request was denied due to plaintiff's alleged "escape and violent history,"

including a false insinuation that plaintiff is a child molester. On June 19, 2017, the denial was

affirmed with citation to plaintiff's escape risk and false conviction for felony on a child or

family member. Plaintiff claims these denials were in retaliation for plaintiff's pursuit of the

restoration of his good time credits.

---

[2] The court has attempted to summarize plaintiff's claims as concisely as possible, a task made difficult by an 88-paragraph complaint that includes extremely specific details and several paragraphs that are written in a stylized handwriting.

[3] The relevance of this claim is not clear either in the context of the RVR or the hearing on it.

By way of relief, plaintiff seeks the restoration of the 360 days of good time credits. He also seeks damages in the amount of $100,000 for the violation of his constitutional rights.

## III. Legal Standards

### A. Amendment of Pleading

Under Rule 15 of the Federal Rules of Civil Procedure, a court should grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed lower courts to heed carefully the command of Rule 15. See Foman v. Davis, 371 U.S. 178, 182 (1962). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations and quotations omitted); see also Price v. Kramer, 200 F.3d 1237, 1250 (9th Cir. 2000). As the Supreme Court has articulated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182; see also Bowles v. Reade, 198 F.3d 752, 757–58 (9th Cir. 1999). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also Sonoma Cty. Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052; see also Sonoma Cty. Ass'n of Retired Employee, 708 F.3d at 1117.

### B. Reconsideration of Final Court Order

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... by an opposing party; (4) the judgment is void; (5) the judgment has

4

been satisfied ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

## IV. Discussion

Plaintiff moves the court to reopen this case as a civil rights action and grant him leave to amend his complaint because of several instances of allegedly unconstitutional conduct by the defendants.

The previously-assigned magistrate judge concluded that plaintiff's entire complaint must be brought in a petition for writ of habeas corpus because one of the two types of relief that he seeks – the restoration of his good time credits – would necessarily affect the length of his sentence. <u>See</u> <u>Preiser</u>, 411 U.S. at 500. While true, plaintiff also seeks damages for conduct that would not necessarily affect the duration of his sentence, including claims of retaliation and due process violations. Since success on these claims would not invalidate the 2005 disciplinary proceedings or otherwise reduce the term of plaintiff's sentence, plaintiff is not automatically precluded from bringing them in a civil rights action. In this regard, the magistrate judge's recommendation was incorrect and plaintiff's motion for reconsideration should be granted. The undersigned therefore now considers those claims for which plaintiff seeks damages.

## A. Procedural Analysis

### 1. "Short and Plain Statement of the Claim"

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969)); <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails

to perform the essential functions of a complaint."); <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

Plaintiff's complaint does not comply with the standards of Rule 8. It is confusing, convoluted, and fails to set forth the facts in a comprehensible manner. It also fails to clearly articulate the facts giving rise to any claim. For this reason alone, it is subject to dismissal.

### 2. "Numbered Paragraphs … Limited … to a Single Set of Circumstances"

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b). Plaintiff presents 88 numbered paragraphs that overlap in their claims and allegations against separate defendants. It is not the responsibility of the court to review a narrative in an attempt to determine the nature of a plaintiff's claims. Thus, plaintiff's complaint style and formatting fails to comply with Rule 10(b).

### B. Substantive Analysis

### 1. The 2005 RVR Hearing

While plaintiff provides an extraordinary level of detail in the complaint, it is unclear if he is challenging the original 2005 RVR determination that resulted in the revocation of his good time credits. There is no claim that plaintiff was denied procedural protections in that context, and while he does refer to an allegedly false statement by a Lt. Terry that PBSP was in a state of emergency, plaintiff fails to explain the relevance of this statement. In any event, it is evident based on the remainder of the complaint that plaintiff's guilty finding has not been invalidated or expunged or reversed, thereby rendering a claim based on the 2005 RVR hearing <u>Heck</u>-barred.

Often referred to as the favorable termination rule or the <u>Heck</u> bar, this exception to Section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release

or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); Heck v. Humphrey, 512 U.S. 477, 482, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, 830 F.3d 922, 928-29 (9th Cir. 2016) (en banc) (internal citations omitted). "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Id. at 929; see also Pratt v. Hedrick, 2015 WL 3880383, at *3 (N.D. Cal. June 23, 2015) (section 1983 challenge to disciplinary conviction not Heck–barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier release for inmate with indeterminate life sentence and no parole date).

Plaintiff has specifically acknowledged that the restoration of the 360 days of good time credits would lead to a speedier release considering how little time is left on his term. Additionally, any damages claim would imply the invalidity of the State's calculation of time served. Accordingly, any challenge to the 2005 RVR hearing must be brought in a habeas action.

### 2. Conduct Occurring in 2016 and 2017

As for the bulk of plaintiff's complaint, he challenges the conduct of several defendants related to the processing of his 2016 and 2017 requests and grievances. The undersigned will therefore screen these claims now.

#### a. Violation of Institutional Policies

Plaintiff accuses takes great care to outline the facts underlying his claim that various defendants failed to follow institutional guidelines and rules in the context of his grievances,

letters, and interviews. He alleges, for example, that C. Gonzales responded to a CDCR 22 form 2 weeks past the submission date, in violation of "3086 f-4 h-1 and 3084.8 c-1," Compl. ¶ 27; C. Gonzales then failed to conduct an "interview as outline[d] in 3084.8 c-1," id. ¶ 28; A. Lucas failed to respond to a grievance in a timely manner, in violation of "13030.16 and 130301.17," id. ¶ 67; and CCI Usher failed to respond to a grievance in violation of "3086(f)(4) & (h)(1)," id. ¶ 78.

To the extent plaintiff seeks to impose liability on any of the defendants for failure to comply with institutional rules and state regulations, he fails to state a claim because the mere violation of state regulations is insufficient to establish a constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation."). Moreover, "[t]he existence of regulations … governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations." Vasquez v. Tate, No. 1:10–cv–1876–JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012). The court is unaware of any authority that holds there exists a private right of action available to plaintiff for violation of Title 15 regulations; ample district court decisions hold to the contrary. E.g., id.; Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, No. 1:12–cv–00455–MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191–H (CAB), 2009 WL 3818376, at *8 (S.D. Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S–04–0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D. Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009). Accordingly, any claims based on this conduct should be dismissed without leave to amend.

### b.    Administrative Grievances

At several points throughout the complaint, plaintiff alleges that his constitutional rights were violated when defendants who were involved in the processing of his CDCR 22 forms and inmate grievances failed to respond and/or timely respond to them. Plaintiff claims this conduct amounted to a "failure to act." However, a prison official's mere administrative review of a prisoner's appeal cannot serve as the basis of the official's liability under § 1983. See Bell v. Cal.

8

Dep't of Corr. & Rehab., 2016 WL 8736865, at *7 (S.D. Cal. Mar. 29, 2016); Esposito v. Khatri, 2009 WL 702218, at *12 (S.D. Cal. Mar. 16, 2009); accord Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (dismissing § 1983 claims against several prison officials whose only alleged misconduct involved the denial of the inmate's administrative grievances and holding that "the denial of administrative grievances or the failure to act" cannot be the basis of liability under § 1983); Wright v. Shapirshteyn, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009) ("[W]here a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983."). Therefore, any allegation based solely on the processing of plaintiff's CDCR 22 forms and/or inmate grievances fails to state a claim and should be dismissed without leave to amend.

### c. Equal Protection

Plaintiff, who is African American, claims that several of the defendants acted with racial animus in violation of plaintiff's equal protection rights.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause...from invidious discrimination based on race." Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (citing Wolff v. McDonell, 418 U.S. 553, 556 (1974)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano, 345 F.3d at 1082, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has failed to assert a cognizable equal protection claim. Plaintiff makes no allegations that would support a finding that defendants intentionally discriminated against him

because of his race. Plaintiff also fails to allege sufficient facts to show that similarly situated individuals were intentionally treated differently by defendants.

Based upon the allegations in plaintiff's complaint, in his objections to the findings and recommendations, and in the pending motion to amend and motion for reconsideration, the court is persuaded that plaintiff is unable to allege any additional facts that would support a claim for an equal protection violation, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") This claim should therefore be dismissed without leave to amend.

### d.    Due Process

Plaintiff asserts a due process claim based, again, on the conduct of the defendants in responding to his CDCR 22 forms and inmate grievances. To the extent this claim differs from that related to the defendants' alleged failure to act, it also fails.

The Due Process Clause protects plaintiffs against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiffs have no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (holding that plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). The denial of a prisoner's administrative appeal generally does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, prison administrators may not willfully turn a blind eye to constitutional violations being committed by subordinates. Penner, 439 F.3d at 1098.

While there may be limited circumstances in which those involved in reviewing an inmate appeal may be held liable under § 1983, no such circumstances are presented here. None of plaintiff's extremely detailed allegations regarding his grievances suggest that the officials

willfully turned a blind eye to constitutional violations. In the absence of any additional facts in his objections or motion to amend and motion for reconsideration, this claim should be dismissed without leave to amend.

### e. Retaliation

Finally, plaintiff claims the defendants retaliated against him for the filing of his requests and inmate grievances.

Plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

As noted supra, plaintiff's allegations are so convoluted that it is difficult to decipher which defendants allegedly retaliated against him. Plaintiff spends a considerable number of paragraphs accusing institutional staff of denying or failing to respond to his grievances and requests because of earlier-filed grievances and requests, but the complaint does not provide a short and plain statement sufficient to assert a claim.

Plaintiff also accuses defendant Usher (and possibly M. Hernandez) of denying him family visits, which he first suggests was in retaliation for the filing of grievances but then claims was to avoid being asked questions about the credit loss restoration. While the former basis for their conduct may be sufficient to state a retaliation claim, the latter avoidance tactic would not.

For these reasons, plaintiff's retaliation claim should be dismissed. The attachments to plaintiff's pending motion suggest that plaintiff may be able to amend his complaint to state a viable retaliation claim. Accordingly, leave to amend should be granted.

In an amended complaint, plaintiff must clearly allege facts that outline his claims. As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. at 1949.

**V.    Conclusion**

Accordingly, the Court **ORDERS** that plaintiff's motion for a court order (ECF No. 13) is **GRANTED**; and

The court **RECOMMENDS** that:

1.    This action be reopened;

2.    Plaintiff's motion to amend and motion for reconsideration (ECF No. 12) be **GRANTED IN PART**;

3.    Plaintiff's complaint be dismissed with leave to amend only as to the retaliation claim. All other claims and defendants should be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __July 25, 2018__            _____**/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE