UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY,<br><br>Plaintiff,<br><br>v.<br><br>C. PFEIFFER, et al.,<br><br>Defendants. | **Case No. 1:17-cv-01384-DAD-JLT (PC)**<br><br>**ORDER FINDING NO COGNIZABLE CLAIM AND REQUIRING PLAINTIFF TO SUBMIT A RESPONSE**<br><br>**(Doc. 23)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed a first amended complaint asserting claims against employees of the California Department of Corrections and Rehabilitation. (Doc. 23.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint or portion of it if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

////

1

## I. Relevant Procedural Background

Plaintiff initiated this civil rights action on October 16, 2017, accusing several defendants of violating his constitutional rights by improperly withholding 360 days of good time credit since 2005 and refusing to restore them. (Doc. 1.) Plaintiff sought the restoration of his good time credits and money damages.

Magistrate Judge Michael J. Seng, the previously-assigned magistrate judge in this case, screened the complaint on December 12, 2017, and recommended that it be dismissed without prejudice since plaintiff's claim was essentially challenging the duration of his imprisonment, which is properly brought pursuant to a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff timely objected by arguing that his claims assert civil rights violations because he is challenging the way his grievance has been handled by various individuals and institutions and because he is facing retaliation for pursuing his legal rights. (Doc. 10.) On February 7, 2018, District Judge Dale A. Drozd adopted the findings and recommendations in full. (Doc. 12.) This case closed that same day. (ECF No. 13.)

Following judgment, plaintiff moved to amend and for reconsideration. (Doc. 14.) This case was then reassigned, and this Court recommended that the case be reopened, and plaintiff's motion be granted in part. (Doc. 16.) Upon re-screening the complaint, Magistrate Judge Seng's determination was found to be correct in that any challenge to the loss of plaintiff's good time credits must be brought in a habeas action. However, plaintiff alleged other claims that may be brought in a civil rights action, including an equal protection claim, a due process claim, and a retaliation claim. Analysis of these claims, though, revealed only a *potentially* viable retaliation claim, and, therefore, the Court recommended that he be allowed to amend his complaint to assert sufficient facts for only that specific claim. The Court recommended that all other claims be dismissed without leave to amend.

On August 30, 2018, Judge Drozed adopted the findings and recommendations in full, and reopened the case. (Doc. 18.) The Court directed Plaintiff to submit an amended complaint asserting only a retaliation claim. Plaintiff's amended complaint is now before the Court for screening.

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

////
////
////

### III. Plaintiff's Allegations

At all times relevant to this action, plaintiff was housed at Kern Valley State Prison ("KVSP") in Delano, California. He names as defendants CCII M. Hernandez, CCI J. Usher, Associate Warden G. Jaime, CCII Appeals Coordinator C. Gonzales, Captain T. Lee, Chief of Appeals M. Voong, "CDW" D. Stebbine, and Captain D. Goss.

Plaintiff's allegations are fairly summarized as follows:

On March 8, 2017, plaintiff submitted a Family Visiting Application to receive permission for overnight visits with his wife. By that point, plaintiff had been disciplinary free since October 2012.

Hernandez denied the application because plaintiff had a history of escape and violence. Plaintiff denies any violence within three years of the date of the application's submission, and he contends that he does not have an escape history.

Plaintiff submitted a "22 request"[1] to defendant Usher accusing her of forging the signatures on the family visit application form. Usher refused to sign this request. She also made unspecified false claims.

On April 12, 2017, plaintiff filed a grievance for reinstatement of family visits. He claimed he had been RVR-free for five years, that he works in the program office as a clerk / janitor, and that the alleged escape was an error (plaintiff claims it was instead a "walk-way" from a halfway house thirty years prior).

CCII Hernandez interviewed plaintiff at the first level of review in response to his grievance. Hernandez and Associate Warden Jaime then denied the grievance at the first level of review with citation to "CCR, Title 15, Section 3177(b)(1)(A)," which denies family visits for "for inmates convicted of a violent offense involving a minor or family member or any sex offense." This section goes on to state that an inmate may be prohibited from family visits "where substantial documented evidence or information of the misconduct described in section 3177(b)(1) exists, without a criminal conviction." Allegedly pursuant to this section, Hernandez identified three RVRs as evidence of plaintiff's behavior history: a June 2014 Battery RVR, a January 2014

---
[1] This appears to be a reference to the CDCR Form 22 (Inmate/Parolee Request).

4

"Obstructing Peace Officer Duties / Refusing assigned housing" RVR, and an October 2013 "Battery on Inmate with Serious Bodily Injuries" RVR. Hernandez also referred to a 1989 conviction for "Escape Jail / ETC with Felony: Force / Violence."

Plaintiff appealed, and the grievance was then granted in part at the second level of review on June 15, 2017 after plaintiff was interviewed by CCII Gonzales. While defendant Jaime noted that plaintiff did indeed have an escape history (the 1989 halfway house incident) and a history of violence within CDCR, it appeared that he did not have family visiting exclusions as outlined in Section 3177. The case was therefore referred to the classification committee for review.

On August 17, 2017, plaintiff appeared before the Classification Committee, which found that plaintiff "does not qualify for family visits when considering the past history." Plaintiff then appealed to the third level of review where defendants Lee and Voong denied the appeal.

**III.    Discussion**

    **A.  Reassertion of Dismissed Claims**

A substantial portion of plaintiff's first amended complaint concerns the conduct of individuals involved in reviewing plaintiff's administrative grievance. The Court has dismissed claims based on the review dismissed without leave to amend because a prison official's mere administrative review of a prisoner's appeal cannot serve as the basis of the official's liability under § 1983. See Bell v. Cal. Dep't of Corr. & Rehab., 2016 WL 8736865, at *7 (S.D. Cal. Mar. 29, 2016); Esposito v. Khatri, 2009 WL 702218, at *12 (S.D. Cal. Mar. 16, 2009); accord Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (dismissing § 1983 claims against several prison officials whose only alleged misconduct involved the denial of the inmate's administrative grievances and holding that "the denial of administrative grievances or the failure to act" cannot be the basis of liability under § 1983); Wright v. Shapirshteyn, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009) ("[W]here a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.").

In addition, plaintiff again seeks to impose liability for some of the defendants' alleged failure to comply with various state laws or institutional regulations. The Court previously advised Plaintiff that the mere violation of state regulations is insufficient to establish a constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[S]tate departmental regulations do not establish a federal constitutional violation."). Moreover, "[t]he existence of regulations … governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations." Vasquez v. Tate, No. 1:10–cv–1876–JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012). These claims, too, were dismissed without leave to amend.

**B. Linkage**

Furthermore, to state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) ... [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

The Court cannot determine from the complaint the role, if any, defendants Stebbine and Goss played in the alleged deprivation of plaintiff's rights. If plaintiff seeks to impose liability on these or any other defendant based on their supervisory roles, that fact alone is not sufficient to link them to the alleged constitutional violations. The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated plaintiff's constitutional rights. Id. It is also unclear how

defendant Usher participated in the complained of acts. Plaintiff claims this individual refused to answer a request for interview and that she made false statements, but there are no other facts to inform the Court as to what this individual did or said that contributed to the violation of plaintiff's rights.

### C. First Amendment Retaliation

As noted supra, plaintiff was granted leave to assert allegations only as to his retaliation claim. For the reasons set forth here, his allegations are insufficient to state a claim.

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). The fundamentals of a retaliation claim are easily summarized: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). It is the plaintiff's burden to prove each of these elements. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Under the first element, plaintiff need not prove that the alleged retaliatory action violated a constitutional right. Id. (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). The interest cognizable in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive.

To prove the second element – retaliatory motive – plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim v. Cry, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not

7

sufficient. See McCollum v. CDCR, 647 F.3d 870, 882–83 (9th Cir. 2011); accord Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882.

The third element concerns a prisoner's First Amendment right to access the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). Though prisoners have no freestanding right to a prison grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567–68. Protected speech also includes an inmate's statement of intent to pursue an administrative grievance or civil litigation. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Rhodes, 408 F.3d at 567; Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Under the fourth element, plaintiff need not demonstrate a "total chilling of his First Amendment rights," only that defendant's challenged conduct "would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568–69 (citation and internal quotation marks omitted). Moreover, direct and tangible harm will support a retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights. Id. at 568 n.11. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 568 n.11).

Regarding the fifth element, the Ninth Circuit has held that preserving institutional order, discipline, and security are legitimate penological goals that, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.

1994); Rizzo, 778 F.2d at 532. When considering this final factor, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for defendant's challenged conduct. Pratt, 65 F.3d at 806. A plaintiff must prove that the alleged retaliatory motive was the but-for cause of the challenged actions. Hartman v. Moore, 547 U.S. 250, 260 (2006).

On review, the Court finds that plaintiff has failed to state a First Amendment retaliation claim for several reasons. First, the pleading provides an extraordinary level of detail, but it fails to include any facts to show a predicate act that would constitute "protected conduct" for a retaliation claim. Is it therefore unclear why the defendants allegedly retaliated against plaintiff. It is also unclear what he contends is the adverse action: the denial of his family visit application, the false accusation that plaintiff is a rapist and/or child molester, or both.

In addition, because a prisoner's First Amendment rights are necessarily curtailed, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff alleges that his family visit application was denied, in part, because he had an escape history. While he denies that he escaped (he describes it as a "walk-way"), he does not in fact deny that he was sentenced to 90 days in jail for "Escape Jail / ETC with Felony: Force / Violence." It thus appears that the denial of the family visit application *did* advance a legitimate goal of KVSP. Plaintiff's retaliation claim must therefore be dismissed. Out of an abundance of caution, however, the Court will grant him one final opportunity to amend his complaint to state a claim for retaliation.

**IV.    Conclusion**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P.

41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his first amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the first amended complaint, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Accordingly, the Court ORDERS that:

1. Within 30 days from the date of service of this order, plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the first amended complaint; and

10

2. If plaintiff fails to file a second amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: __**April 24, 2019**__                    _____**/s/ Jennifer L. Thurston**_____
                                                                           UNITED STATES MAGISTRATE JUDGE