UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. HERNANDEZ,<br><br>　　　　Defendant. | 1:17-cv-01384-DAD-JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEPOSITION; AND**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITION AND COSTS FOR REPORTER**<br><br>(Docs. 60, 63) |

　　　　Plaintiff has filed two motions concerning the deposition of defendant M. Hernandez. In the first motion, Plaintiff asks whether he can take the defendant's deposition. In response to this motion, Defendant indicates that he is not opposed to a deposition as long as Plaintiff can comply with the Federal Rules of Civil Procedure by conducting the deposition before an officer retained at Plaintiff's expense. In his second motion, Plaintiff asks the Court to advance his deposition expenses because he is proceeding in forma pauperis.

　　　　Prisoners proceeding pro se and in forma pauperis in an action under 42 U.S.C. § 1983, as plaintiff is here, may use any of the discovery methods set forth in the Federal Rules of Civil Procedure. Because a prisoner is proceeding in forma pauperis, however, does not obligate the government to advance funds for them to take a deposition. Doe v. United States, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986). This Court is therefore not authorized to advance funds for deposition

expenses. While Plaintiff may understandably prefer to conduct a deposition, he can proceed with discovery by other means, such as written interrogatories, requests for production, or requests for admission. See Klingele v. Eikenberry, 849 F.2d 409, 412 n.1 (9th Cir. 1988) (a pro se prisoner may not have the means to conduct discovery such as taking depositions, but she is entitled to an opportunity to serve interrogatories or request documents); Fed. R. Civ. P. 33 (a party can serve on any other party no more than twenty-five written interrogatories, including all discrete subparts); Fed. R. Civ. P. 34 (a party can seek documents and other real objects from parties and non-parties); Fed. R. Civ. P. 36 (a party can require other parties to admit or deny the truth of certain statements).

Accordingly, the Court **GRANTS** Plaintiff's motion for deposition (Doc. 60) insofar as he seeks information as to whether he is able to depose Defendant. The Court **DENIES** plaintiff's motion for deposition and costs for reporter (Doc. 63) insofar as he requests an advancement of funds for the deposition expenses.

IT IS SO ORDERED.

Dated:   **March 17, 2021**               /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE