UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY,<br><br>    Plaintiff,<br><br>  v.<br><br>M. HERNANDEZ,<br><br>    Defendant. | Case No. 1:17-cv-01384-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)**<br><br>(Docs. 62, 65)<br><br>**14-DAY DEADLINE** |

The defendant filed a Motion for Summary Judgment (Exhaustion) (Doc. 61). Though the plaintiff has opposed the motion, the facts regarding exhaustion are not in dispute. Because the defendant has demonstrated the plaintiff failed to exhaust the administrative remedies, the Court RECOMMENDS the motion for summary judgment be GRANTED.

I.     **LEGAL STANDARDS**

    **A. Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot

produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto*, 882 F.3d at 872 (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance

with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The exhaustion requirement allows prison officials to have an opportunity to resolve disputes before the filing of a court action against them. *Jones*, 549 U.S. at 204.

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant bears the initial burden of proving (1) the existence of an available administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to

3

exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1131.

### C. CDCR Grievance Process

Plaintiff does not dispute that Defendants have met their initial burden of showing that an available administrative remedy exists. The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff having an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[1] Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing a lawsuit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 8586.

In 2017, the year relevant to Plaintiff's claims, California regulations required that inmates pursue administrative grievances through three levels of review in order to exhaust their administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2017), 3084.7(d)(3) (2017) (repealed June 1, 2020). In order to exhaust properly, the prisoner must submit to the appeals coordinator a CDCR form 602 inmate appeal describing the specific issue under appeal and the relief requested and provide supporting documents. Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.3. The first appeal is screened for routine processing. *Id.* §§ 3084.4(b)(1). Appeals alleging staff misconduct constitute an exception to the regular appeal process. *Id.* § 3084.9(i). If an appeal is accepted as a staff complaint, the first level of review is bypassed. *Id.* § 3084.7(a)(3). If the prisoner is dissatisfied with the departmental response, then he may seek a second level of administrative review. *Id.* § 3084.7(b). If the matter is not resolved at the second level, then he may seek a third level of review. *Id.* § 3084.7(c). "The third level of review exhausts administrative remedies." *Id.* § 3084.7(d)(3).

### II. FACTS REGARDING EXHAUSTION

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the version of the regulations effective at times relevant to Plaintiff's claims.

4

At all times relevant to this action, Plaintiff was housed at Kern Valley State Prison in Delano, California. On March 8, 2017, Plaintiff submitted a Form 1046 Family Visiting Application to receive permission for overnight visits with his wife. Defendant M. Hernandez, Correctional Counselor II, denied the application because of Plaintiff's history of violence and escape. Plaintiff denied any violence within three years of the date of the application's submission, and he contended that he does not have an escape history.

On April 12, 2017, Plaintiff filed a grievance for reinstatement of family visits. This appeal was logged as # KVSP-O-17-01027. Plaintiff claimed he had been free of any rule violations for three years and that the alleged escape from 1989 was an error.

On May 1, 2017, Hernandez and Associate Warden G. Jaime then denied the grievance at the first level of review based on violence and escape history. In particular, the decision referenced three Rules Violation Reports: a June 2014 Battery; a January 2014 "Obstructing Peace Officer Duties/Refusing assigned housing;" and an October 2013 "Battery on Inmate with Serious Bodily Injuries." Hernandez also referred to a 1989 conviction for "Escape Jail/ETC with Felony: Force/Violence."

Plaintiff appealed, and Jaime, signing as Chief Deputy Warden, granted in part and denied in part Plaintiff's appeal at the second level of review on June 15, 2017. Jaime determined that Plaintiff had an escape history (the 1989 halfway house incident) and a history of violence within CDCR. He further determined that Plaintiff did not have family visiting exclusions as outlined in section 3177 and referred the appeal to a classification committee for review.

On September 8, 2017, the Office of Appeals denied Plaintiff's appeal at the third level, advising that "[T]his decision exhausts the administrative remedy available to the appellant within CDCR."

Plaintiff commenced this action on October 16, 2017, claiming that appeal # KVSP-O-17-01027 was denied for unconstitutional reasons. The Court screened Plaintiff's first amended complaint and found that the only cognizable claim is Plaintiff's First Amendment retaliation claim against Hernandez. All other claims and defendants have been dismissed.

///

## III. DISCUSSION

In his motion for summary judgment, Defendant argues that Plaintiff failed to exhaust administrative remedies available to him before filing his lawsuit. (Doc. 61.) Defendant argues that Plaintiff's appeal concerned the denial of a family visitation application; neither the appeal submitted with Plaintiff's pleadings nor any other appeal lodged by Plaintiff concerned protected conduct or retaliation.

Plaintiff, in his response to Defendant's motion, complains that Hernandez made the initial decision and then reviewed his own decision. More significantly, Plaintiff contends that Defendant "[lied] on a state document accusing [Plaintiff] of being a child molester or having a crime against a woman or child [which] is malicious and sadistic action." Plaintiff bases this argument on the reference to Cal. Code Regs. tit. 15, § 3177(b)(1)(A) in the decisions. This section provides:

> (1) Family visits shall not be permitted for inmates convicted of a violent offense where the victim is a minor or family member or any sex offense . . . .
> (A) Inmates may be prohibited from family visiting where substantial documented evidence or information of the misconduct described in section 3177(b)(1) exists, without a criminal conviction. The evidence or information appropriate for the purpose of this regulation shall include rule violation reports as well as the standard described in section 3173.1.

Cal. Code Regs. tit. 15, § 3177(b)(1)(A). Plaintiff, however, has taken the reference to this section out of context. The reference to § 3177(b)(1) contained in the decision is presented only as one of three factors to be considered when evaluating an inmate's application for family visits. It does not suggest that each of the factors applied in his case. Those three factors are set out in the Departmental Operations Manual 54020.33.2:

(1) Escape history.

(2) Commitment offense and behavior history to determine eligibility pursuant to CCR section 3177(b)(1).

(3) Current case factors to determine eligibility pursuant to CCR section 3177(d).

(*See* Doc. 70 at 5–6, 7.) The reference to §3177(b)(1) as a factor to be considered during the review does not necessarily mean that the decision was based on that factor. On the contrary, the

CDCR's decisions do not indicate or suggest a history of sexual misconduct by Plaintiff, and they do not "label" Plaintiff as a "child molester or rapist." Instead, they advise that his denials are based on his numerous RVRs for violent behavior and his escape in December 1989. (Doc. 70 at 6, 8.)

Although Plaintiff's grievance # KVSP-O-17-01027 underwent three levels of review, it does not serve as an exhaustion of remedies as to Plaintiff's First Amendment claim against Defendant. The grievance concerns only the merits of Plaintiff's Family Visitation Application and a decision based on violence and escape. Nowhere in the grievance process does Plaintiff allege protected activity or retaliation by Hernandez. Had Plaintiff intended to bring a claim against Hernandez for retaliatory conduct, Plaintiff should have first submitted a 602-inmate appeal, which asserted these allegations and then undergone the three levels of review. As it is, Defendant has met his burden to show that Plaintiff failed to exhaust the administrative remedies for a retaliation claim against Hernandez.

Upon this showing, the burden of proof shifts to the Plaintiff, who must demonstrate that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *See Albino*, 747 F.3d at 1166. In this case, there is no such showing. The evidence indicates that Plaintiff was aware of the administrative process for inmate grievances, and he utilized it repeatedly. He just did not do so for the First Amendment retaliation claim he asserts against Hernandez in this case. Accordingly, summary judgment in Defendants' favor is appropriate on the issue of exhaustion, and the Court must dismiss Plaintiff's complaint without prejudice. *See McKinney v. Carey,* 311 F.3d 1198, 1200–01 (9th Cir. 2002).

### IV. CONCLUSION

Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, it **RECOMMENDS** that Defendant's Motion for Summary Judgment (Doc. 61) be **GRANTED** and the case **DISMISSED WITHOUT PREJUDICE**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**May 14, 2021**__   _____ **/s/ Jennifer L. Thurston**
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE