UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRIGSBY,<br><br>   Plaintiff,<br><br>   v.<br><br>M. HERNANDEZ,<br><br>   Defendant. | No. 1:17-cv-01384-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 61, 74) |

   Plaintiff Jonathan Grisby is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On May 17, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary judgment be granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit.  In reaching that conclusion, the magistrate judge found that although plaintiff did exhaust his inmate grievance # KVSP-O-17-01027 , through the third level of review, with respect to his claim of the denial of family visitation brought in this action, that inmate grievance did not include plaintiff's claim against defendant Hernandez for alleged retaliation in violation of the First Amendment—the sole claim remaining claim in this action and the only which the court found to be cognizable.  (Doc. No.

1

1    74.) The pending findings and recommendations were served on plaintiff and contained notice

2    that any objections thereto were to be filed within fourteen (14) days after service and that any

3    response to the objections were to be filed within fourteen (14) days after service of any

4    objections. (*Id.* at 7–8.) On June 7, 2021, plaintiff's objections to the findings and

5    recommendations were docketed, and on June 10, 2021, defendant filed a response thereto.

6    (Doc. Nos. 75, 76.)

7    In his objections, plaintiff appears to argue that his retaliation claim brought against

8    defendant Hernandez is subsumed in his inmate grievance # KVSP-O-17-01027. (Doc. No. 75 at

9    1–4.) In support of his position, plaintiff has attached the appeal log for all three levels of review

10   of his grievance # KVSP-O-17-01027. (*Id.*) Plaintiff also expresses his frustration generally at

11   the concept of his case being dismissed due to failure to exhaust administrative remedies after so

12   many years of litigation in this case. (*Id.*)

13   Defendant's response asserts that the appeal log for inmate grievance # KVSP-O-17-

14   01027 demonstrates that plaintiff's retaliation claim was not included in or addressed as part of

15   that inmate grievance and thus, plaintiff has failed to raise a genuine dispute of material fact

16   regarding his failure to exhaust administrative remedies with respect to that claim prior to

17   bringing suit. (Doc. No. 76.)

18   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

19   *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

20   objections and defendant's response, the court concludes that the findings and recommendations

21   are supported by the record and by proper analysis.

22   The court concludes that the pending findings and recommendations correctly outlined

23   that inmate grievance # KVSP-O-17-01027 concerned only the denial of plaintiff's family

24   visitation application, and his challenges to the purportedly mistaken history of violence and

25   escape. (Doc. Nos. 74 at 7; 75 at 5–15.) That inmate grievance did not allege any engagement in

26   protected activity by plaintiff or retaliation by defendant. Therefore, plaintiff did not exhaust his

27   administrative remedies as to his retaliation claim brought in this civil action against defendant

28   Hernandez. Thus, there are no genuine disputed issues of material fact related to plaintiff's

exhaustion of administrative remedies as to that claim, and defendant is entitled to judgment as a matter of law.

Accordingly,

1. The findings and recommendations filed on May 17, 2021 (Doc. No. 74) are adopted in full;

2. The Defendant's motion for summary judgment (Doc. No. 61) is granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit with respect to his sole remaining claim of retaliation; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 19, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE